## UNITED STATES BANKRUPTCY COURT
## FOR THE
## WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| KENNETH R. KUYKENDALL | ) | CASE NO. 10-10358(1)(7) |
| LORETTA JUNE KUYKENDALL | ) | |
| | ) | |
| Debtor(s) | ) | |

### MEMORANDUM-OPINION-ORDER

This matter is before the Court on the Motion to Set Aside the Non-Possessory, Non-Purchase Money Security Interest in Personal Property of Debtors Kenneth R. Kuykendall and Loretta June Kuykendall ("Debtors"). Debtors seek to avoid the non-possessory, non-purchase money security interest of Riverside Loans of Brooksville ("Creditor") on a "men's gold diamond ring, antique jade necklace, diamond solitaire and ½ oz. gold nugget." Creditor did not file a response to the Motion.

The Court heard arguments from counsel for the Debtor on the Motion at a hearing held April 29, 2010. The Motion itself cited no legal authority in support of the Motion nor did it list the value of any of the items or the lien sought to be avoided. Accordingly, the Court instructed Debtors' counsel to supplement the record with points and authorities in support of their position by May 17, 2010. Neither party supplemented the record.

At the hearing Debtors' counsel relied upon 11 U.S.C. §522(f)(1) in support of his clients' position. That section of the statute provides that a debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled to, if such lien is ". . . a nonpossessory, nonpurchase-money security

interest in any–(i) household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments or jewelry that are held primarily for the personal, family or household use of the debtor or a dependent of the debtor. . . ." 11 U.S.C. §522(f)(1)(B)(i).  For purposes of this section the term "household goods" includes personal effects of the debtor, including wedding rings.  11 U.S.C. §522(f)(4)(A)(xiv).  The statute further states that the term "household goods" does not include "jewelry with a fair market value of more than $600 in the aggregate (except wedding rings). . . ." 11 U.S.C. §522(f)(4)(B)(iv).

The Court has no information as to the aggregate value of the items referenced in Debtors' Motion.  Furthermore, Debtors did not file a Memorandum of Law in support of their claim, nor did they supplement the record as requested by the Court at the hearing.  The Court therefore being duly advised in the premises,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Debtors' Motion to Set Aside the Non-Possessory, Non-Purchase Money Security Interest in Personal Property of the Debtors, be and hereby is, **DENIED**.

                                                  Joan A. Lloyd
                                                  United States Bankruptcy Judge
                                                  Dated:  May 27, 2010